

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

February 18, 1964

Honorable W. C. Lindsey　　　　　　Opinion No. C-218
Criminal District Attorney
Jefferson County　　　　　　　　　Re: Whether the operation of
Beaumont, Texas　　　　　　　　　　　　the Tabulating Department
　　　　　　　　　　　　　　　　　　　　　of Jefferson County, Texas
　　　　　　　　　　　　　　　　　　　　　is under the jurisdiction
　　　　　　　　　　　　　　　　　　　　　of the County Auditor and
　　　　　　　　　　　　　　　　　　　　　subject to his control and
Dear Mr. Lindsey:　　　　　　　　　　　management.

　　　　Your office has requested an opinion on the
following question:

　　　　"Should the operation of the Tabulating
Department of Jefferson County, Texas be under
the jurisdiction of the County Auditor and
subject to his control and management?"

　　　　The facts contained in your statement are the
following:

　　　　"The Department is primarily engaged in
the accounting for the County's finances by
the use of various data processing IBM machines.
This includes processing payrolls, printing
checks, registers and various reports; cash
claims, warrants, registers and reports, budget
appropriations, expenditures, encumbrances,
controls and reports.

　　　　"While printing of letterheads, envelopes,
etc. is done for various departments by a
multilith machine, substantially all of the
work performed by the department relates to
the system of accounting for the County and
the forms used by the various county and
precinct officers and others in the collection
and disbursement of county revenues, funds,
fees, reports, etc.

　　　　"It is noted that such departments in
Harris County, Dallas County, and other
counties of Texas are a part of the County
Auditor's Department."

-1049-

The following statutes are applicable:

Article 1651 of Vernon's Civil Statutes, which states in part as follows:

"The Auditor shall have a general oversight of all the books and records of all the officers of the county, district or state, who may be authorized or required by law to receive or collect any money, funds, fees, or other property for the use of, or belonging to, the county; and he shall see to the strict enforcement of the law governing county finances. . . ."

Article 1654 of Vernon's Civil Statutes, which states in part as follows:

"All reports of collections of money for the county required to be made to the commissioners court shall also be carefully examined and reported on by him. . . ."

Article 1656 of Vernon's Civil Statutes, which states that:

"He shall prescribe and prepare the forms to be used by all persons in the collection of county revenues, funds, fees and all other moneys, and the mode and manner of keeping and stating their accounts, and the time, mode and manner of making their reports to the auditor, also the mode and manner of making their annual report of office fees collected and disbursed, and the amount refunded to the county in excess of those allowed under the general fee bill law. He shall have power to adopt and enforce such regulations not inconsistent with the constitution and laws, as he may deem essential to the speedy and proper collection, checking and accounting of the revenues and other funds and fees belonging to the county. Id."

Article 1656a of Vernon's Civil Statutes, which states in part as follows:

"The County Auditor in counties having a population of one hundred ninety thousand (190,000) or more according to the last preceding or any future Federal Census shall prescribe the system of accounting for the

county and the forms to be used by the District Clerk, the District Attorney and all county and precinct officers and by all persons in the collection and disbursement of county revenues, funds, fees, and all other moneys collected in an official capacity whether belonging to the county, its subdivisions or precincts, or to, or for the use or benefit of, any person, firm, or corporation; he shall prescribe the mode and manner in which the District Clerk, the District Attorney and all county and precinct officers shall keep their accounts, and he shall have the power to require all officers to furnish monthly, annual, or other reports under oath of all moneys, taxes, or fees of every nature received, disbursed, or remaining on hand; and in connection with such reports he shall have the right to count the cash on hand with such officer, or to verify the amount on deposit in the bank in which such officer may have placed the same for safekeeping. He shall have the power to adopt and enforce such regulations not inconsistent with the Constitution and laws as he may deem essential to the speedy and proper collection and checking of, and accounting for, the revenues and other funds and fees belonging to the county or to any person, firm, or corporation for whom any of said officers may have made collections, or for whose use or benefit they may have received or may hold such funds. . . ."

Article 1666 of Vernon's Civil Statutes, which states as follows:

"He shall prepare an estimate of all the revenues and expenses, and annually submit it to the commissioners court, which court shall carefully make a budget of all appropriations to be set aside for the various expenses of the county government in each branch and department. He shall open an account with each appropriation in said budget, and all warrants drawn against same shall be entered to said account. He shall carefully keep an oversight of same to see that the expenses of any department do not exceed said

budget appropriations, and keep said court
advised of the condition of said appropriation
accounts from time to time."

Article 1666a of Vernon's Civil Statutes, which
states in part as follows:

"The County Auditor in all counties having
a population in excess of two hundred and twenty-
five thousand (225,000) as shown by the last pre-
ceding or any future United States Census shall
serve as the budget officer for the Commissioners
Courts in each county, and on or immediately after
January 1st of each year he shall prepare a budget
to cover all proposed expenditures of the county
government for the current fiscal and calendar
year. . . ."

". . .

"The County Auditor shall make to the
Commissioners Court not less than monthly a
complete report showing the financial con-
dition of the county. . . ."

It is the opinion of this office that the County
Auditor has jurisdiction and control of the tabulating
department which performs the functions described in your
statement of facts.

Article 1651, Vernon's Civil Statutes, gives the
Auditor general oversight of all the books and records of
all the county and provides he shall see to the strict
enforcement of the laws governing county finances.

It is made mandatory by Article 1654, Vernon's
Civil Statutes, for all reports of collections of money
made to Commissioners Court, for the County Auditor to
examine and report on said reports.

Article 1656, Vernon's Civil Statutes, provides
for the County Auditor to prescribe and prepare the forms
used by county officials in the collection and disbursement
of revenue, funds or fees. This Article also gives the
County Auditor the power to adopt and enforce such regula-
tions not inconsistent with the constitution and laws as
he may deem essential to the speedy and proper collection,
checking, and accounting of the revenues and other funds and
fees belonging to the county.

Article 1656a, Vernon's Civil Statutes, gives the County Auditor power to prescribe the system of accounting for the county and the forms to be used by the county precinct officials.

Article 1666a of Vernon's Civil Statutes, makes the County Auditor the budget officer in counties with a population in excess of 225,000 and provides he shall prepare a budget to cover all proposed expenditures of the county government. From a reading of these statutes it is the opinion of this office that the functions the tabulating office is performing fall into the general area of accounting described above and are under the control and supervision of the County Auditor.

## SUMMARY

The operation of a tabulating department which performs substantially the work which relates to the system of accounting for a county is under the jurisdiction of the County Auditor and subject to his control and management.

Yours very truly,

WAGGONER CARR
Attorney General

By Bill Morse, Jr.
Bill Morse, Jr.
Assistant

BMjr:sj

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Malcolm Quick
Joe Trimble
Grady Chandler
Bob Smith

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone